UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| JAEAR WILLIAMS, | * | |
| --- | --- | --- |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 09-10237-JLT |
| | * | |
| GARY RODEN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

January 4, 2011

TAURO, J.

On February 17, 2009, Jaear Williams ("Petitioner") petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court entered judgment in favor of Respondent Gary Roden ("Respondent") on June 9, 2010. Presently at issue is Petitioner's Request for Issuance of a Certificate of Appealability [#19], which was filed on August 30, 2010. For the following reasons, Petitioner's Motion is DENIED.

The standard for granting a certificate of appealability ("COA") is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[1] The definition of what constitutes a "substantial showing" is straightforward. If a district court has rejected the original petition on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

1

wrong."[2]

After reviewing the record and the Petitioner's submissions, this court concludes that Petitioner fails to satisfy the abovementioned standard.

Petitioner seeks a COA on nine grounds. First, Petitioner claims that his right to effective assistance of counsel was violated because trial counsel failed to subpoena a FOX news broadcast concerning the discovery of the victim's body for use in impeaching a witness's testimony.[3] But Petitioner's argument fails the Strickland test for ineffective assistance of counsel. Strickland requires a defendant to establish (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant.[4]

Here, Petitioner cannot establish either prong of the Strickland test. Under the first prong, this court's review of trial counsel's actions is highly deferential. Petitioner must show that "given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it.'"[5] Trial counsel's "tactical decisions . . . cannot ordinarily form the basis of a claim of ineffective assistance."[6] Although a failure on either prong defeats Petitioner's claim,[7] this court also notes that for the reasons in Magistrate Judge

---

[2] Id. at 484.

[3] See Pet.'s Req. Issuance Certificate Appealability, 3 [#19].

[4] See Strickland v. Washington, 466 U.S. 668, 687 (1984).

[5] Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

[6] Murchu v. United States, 926 F.2d 50, 58 (1st Cir. 1991) (quoting United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983)).

[7] See Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008).

2

Sorokin's Report and Recommendation [#14], Petitioner cannot establish the second prong of the Strickland test.

Petitioner's second ground for a COA is the refusal of the Massachusetts Supreme Judicial Court ("SJC") to instruct the jury as to a co-defendant's post-arrest statement.[8] His third ground is that statements made by his co-defendant should not have been allowed into evidence against him on an adoptive admission theory.[9] Yet even if such errors occurred, and that is not a determination that this court makes here, errors of state law do not provide a basis for federal habeas corpus relief.[10]

Fourth, Petitioner challenges two statements made by a law enforcement officer who testified at Petitioner's trial.[11] Petitioner, however, waived this challenge by failing to object to the testimony.[12] To the extent that Petitioner seems to argue that this waiver constituted ineffective assistance of counsel,[13] this court repeats its determination that Petitioner has not met the Strickland test.

Petitioner's fifth ground for a COA is "accumulated errors": "Varios [sic] points in the

---

[8] See Pet.'s Req. Issuance Certificate Appealability, 3–5 [#19].

[9] See Pet.'s Req. Issuance Certificate Appealability, 5–7 [#19].

[10] See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Lewis v. Jeffers, 497 U.S. 794, 780 (1990). Petitioner's eighth ground for a COA also depends entirely on an error in the application of state law. See Pet.'s Req. Issuance Certificate Appealability, 14–15 [#19].

[11] See Pet.'s Req. Issuance Certificate Appealability, 7–10 [#19].

[12] See Report & Recommendation Pet. Writ Habeas Corpus, 12 [#14].

[13] See Pet.'s Req. Issuance Certificate Appealability, 8 [#19] ("The limited review by the court could be contributed to counsel's omissions, given the facts known at the time, counsel's choice not to object was unreasonable.").

3

Common wealth's [sic] evidence, considered together, cast doubt on the integrity of the conviction."[14] As Magistrate Judge Sorokin explained, the "SJC considered and rejected this claim . . . under M.G.L. c. 278, § 33E . . . . Claims concerning whether or not the SJC should exercise this authority under M.G.L. c. 278, § 33E are not reviewable in a federal habeas corpus proceeding."[15]

Petitioner's sixth ground for requesting a COA is a claim that there was insufficient evidence to convict Petitioner as a joint venturer.[16] The SJC determined that the Commonwealth's evidence was sufficient to permit a jury reasonably to conclude that others were involved in the victim's shooting,[17] and Magistrate Judge Sorokin determined that the "SJC's determination was objectively reasonable and not an unreasonable application of clearly established federal law."[18] This court is satisfied with the determinations of the SJC and Magistrate Judge Sorokin and sees no "substantial showing" of a constitutional violation.[19]

Seventh, Petitioner claims that the jury was not properly re-instructed when the jury sought guidance on the law of joint venture.[20] Eighth, Petitioner argues that the state court

---

[14] Pet.'s Req. Issuance Certificate Appealability, 10 [#19]; see id. at 11–12 (describing various evidence presented to the jury).

[15] Report & Recommendation Pet. Writ Habeas Corpus, 13 [#14].

[16] See Pet.'s Req. Issuance Certificate Appealability, 12–14 [#19].

[17] See Commonwealth v. Williams, 450 Mass. 645, 653 (2008).

[18] Report & Recommendation Pet. Writ Habeas Corpus, 15 [#14].

[19] Slack, 529 U.S. at 483.

[20] See Pet.'s Req. Issuance Certificate Appealability, 14 [#19]; Report & Recommendation Pet. Writ Habeas Corpus, 15 [#14].

4

abused its discretion in denying his Massachusetts Rule of Criminal Procedure 15(b)(2) motion for a new trial.[21] Petitioner did not include these claims in his brief, however, so they are waived.[22]

Petitioner's final ground for a COA is that this court did not explicitly state that it was reviewing the Report and Recommendation de novo.[23] Petitioner relies on Jasty v. Wright Medical Technology, Inc.[24] for this contention. Yet Jasty explicitly says that a district court is "not required to receive further evidence but rather possesse[s] discretion in the matter."[25] Further, no part of Jasty nor of 28 U.S.C. § 636(b) requires a district court to state explicitly that it is undertaking a de novo review.

Reasonable jurists would not find these issues debatable. For the foregoing reasons, and the reasons in Magistrate Judge Sorokin's Report and Recommendation, this court finds no basis for granting a COA in the present case. The motion is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

---

[21] See Pet.'s Req. Issuance Certificate Appealability, 14–15 [#19].

[22] Report & Recommendation Pet. Writ Habeas Corpus, 15–16 [#14] (citing Gilday v. Callahan, 59 F.3d 257, 273 n.23 (1st Cir. 1995); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1990)).

[23] See Pet.'s Req. Issuance Certificate Appealability, 15 [#19].

[24] 528 F.3d 28 (1st Cir. 2008).

[25] Id. at 34; see id. at 33 ("'The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" (citing 28 U.S.C. § 636(b) (emphasis added))).

5